FILED'07 MAY 24 12:18USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

JONATHAN CHARLES MILLER,

        Petitioner,

   v.

GUY HALL, Superintendent,
Two Rivers Correctional Institution,

        Respondent.

Civil No. 05-432-BR

OPINION AND ORDER

C. RENEE MANES
Assistant Federal Public Defender
101 S.W. Main St., Suite 1700
Portland, OR  97204

      Attorney for Petitioner

HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED,** and this action is **DISMISSED.**

## BACKGROUND

On October 24, 1997, Petitioner and three others individuals, Victoria Rhodes, Troy Swint, and Gordon Peter Stacy, decided to commit robbery. Troy Swint gave Petitioner an unloaded weapon. The four first stopped at a convenience store in West Salem, but could not locate the clerk. They then drove until they saw a gas-station attendant, Joel Kowitz, who was just beginning his shift.

Petitioner and Gordon Stacy, who was also armed, approached Kowitz with guns drawn and ordered him to open the safe. Stacy was wearing a mask or bandana across his face, which he removed when his glasses started to fog up. Stacy ordered Kowitz not to look at him. Stacy later stated "[I] told him 20 times not to look at me, but he did so I shot him." Stacy and Petitioner were unable to open the safe, and left Kowitz for dead after taking $2.00 and a pack of cigarettes. Petitioner did not shoot Kowitz and contends he did not know Stacy was going to shoot and that he never intended for Stacy to shoot Kowitz.

After confessing his participation in the crime to police, Petitioner was initially indicted on charges of Aggravated Murder

2 - OPINION AND ORDER -

with a Firearm, Robbery in the First Degree with a Firearm,
Criminal Conspiracy, and Attempted Robbery in the First Degree.
The Aggravated Murder with a Firearm charge alleged violation of
Or. Rev. Stat. §§ 163.095(2)(e) and 161.610, stating:

> . . . [Petitioner] did unlawfully, feloniously and
> knowingly commit the crime of Robbery in the First
> Degree and in the course of an in furtherance of said
> crime, a participant in said crime, to-wit: Gordon Pete
> Stacy, Jr., did in an effort to conceal the identity of
> the perpetrator of the crime of Robbery in the First
> Degree, cause the death of another human being, to wit:
> Joel Kowitz, which victim was not a participant in the
> crime, by shooting him, and during the commission of
> said crime defendant did personally possess and threaten
> the use of a firearm . . . .

Petitioner initially pleaded not guilty, and the trial court
appointed an attorney to represent him.   The prosecutor extended
independent plea offers to Petitioner and the three others,
contingent upon them testifying against any co-defendant going to
trial.    Petitioner agreed to plead guilty to Felony Murder and
Criminal Conspiracy.   At the plea hearing, Petitioner's attorney
stipulated to amend the indictment by interlineation to charge
Murder under Or. Rev. Stat. § 163.115.   The phrases "in an effort
to conceal the identity of the perpetrator of the crime of Robbery
in the First Degree" and "during the commission of said crime
defendant did personally possess and threaten the use of a
firearm" were stricken.   Petitioner signed the plea agreement in
open court, and the remaining charges were dismissed.   The trial
judge found Petitioner's guilty plea was knowing and voluntary.

3 - OPINION AND ORDER -

The judge initially sentenced Petitioner to life in prison with a 300-month minimum for the murder, and a concurrent 38-month term of imprisonment on the conspiracy charge. As part of the plea agreement, the prosecutor stipulated that Measure 11 challenges to the sentences could be preserved. On direct review, the Oregon Court of Appeals rejected Petitioner's Measure 11 challenges, but reversed and remanded for re-sentencing to delete the "life in prison" reference. The Oregon Supreme Court denied review.

On remand, the trial judge sentenced Petitioner to 300 months on the murder charge, again with a concurrent 38 months for the conspiracy charge. On appeal from the re-sentencing, the Oregon Court of Appeals affirmed without opinion. Petitioner did not seek review from the Oregon Supreme Court.

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

On March 25, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this court. The Petition alleges five grounds for relief: (1) ineffective assistance of trial counsel based upon counsel's failure to adequately explain the nature and circumstances of allegations in the Indictment; for

4 - OPINION AND ORDER -

misrepresenting the law on aggravated murder, resulting in a plea to the lesser included offense of felony murder; and for failure to demur to the Indictment; (2) the guilty plea was not knowing and voluntary due to the failures alleged in ground one; (3) the amendment of the Indictment in open court without re-submission to a grand jury violated Petitioner's due process and equal protection rights; (4) the original Indictment was defective; and (5) the mandatory minimum sentence violated federal constitution law.

Although he does not waive any of his other claims, Petitioner's memorandum in support of his Petition focuses only on the claim alleged in ground one. In response, Respondent argues the Oregon PCR court's decision denying relief on the ineffective assistance claims is entitled to deference, and the other grounds should be denied as not traversed.

**DISCUSSION**

I.   **Untraversed Grounds for Relief**

As noted, in his legal arguments Petitioner does not address the claims alleged in grounds two, three, four, or five. Upon a review of the record, the Court finds Petitioner is not entitled to relief based upon these claims. See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if

not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

## II.  Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether a defendant has received ineffective assistance of counsel.  Under *Strickland*, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. 668, 687-88 (1987).

Where a petitioner pleaded guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  The prejudice prong, in turn, requires a petitioner to show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* at 59; *Lambert v. Blodgett*, 393 F.3d 943, 980 (9th Cir. 2004), *cert. denied*, 126 S.Ct. 484 (2005).

The Court further explained the prejudice inquiry in the context of a guilty plea as follows:

> For example, where the alleged error of counsel is a failure to investigate or discover potentially

exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. *Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.*

*Hill*, 474 U.S. at 59 (emphasis added). As the Supreme Court has

held, the strength of the prosecution's case is an indicator of

whether the defendant would have accepted a guilty plea even if

counsel's advice had not been constitutionally deficient. *See*

*Miller v. Champion*, 262 F.3d 1066, 1068 & 1074-75 (10th Cir. 2001)

(strength of prosecution's case should be considered as

circumstantial evidence of whether petitioner really would have

gone to trial), *cert. denied*, 534 U.S. 1140 (2002); *Ostrander v.*

*Green*, 46 F.3d 347, 356 (4th Cir. 1995) ("potential strength of

the state's case must inform [*Hill*] analysis, inasmuch as a

reasonable defendant would surely take it into account"),

*overruled on other grnds*, *O'Dell v. Netherland*, 95 F.3d 1214 (4th

Cir. 1996); *Lambert*, 393 F.3d at 982 & 984 (where alleged

deficiency was counsel's failure to investigate a potential

defense, prejudice analysis is "objective" and "slim potential for

7 - OPINION AND ORDER -

success renders highly doubtful any conclusion that [petitioner] suffered prejudice").

Petitioner first contends that the state PCR court incorrectly applied a preponderance of the evidence standard when assessing his claim under *Strickland*, and, therefore, this Court should not defer to the PCR court's decision.    Petitioner is incorrect.

In Oregon, to prevail in a state PCR proceeding, a prisoner bears the burden of proving the facts underlying his claim by a preponderance of the evidence.   Or. Rev. Stat. § 138.620(2).   The PCR trial court in this case concluded that Petitioner "failed to prove by a preponderance of the evidence that his counsel's conduct and defense of him was ineffective and inadequate or that his defense was prejudiced by his counsel's performance."   Resp. Exh. 123, p. 2.   This statement is "reasonably read as addressing the general burden of proof in post-conviction proceedings with regard to the factual contentions. . . ."   *Holland v. Jackson*, 542 U.S. 649, 654 (2004).   This Court joins others in holding Oregon law does not require PCR courts to misapply any governing legal standards.   *See, e.g.*, *Stevenson v. Hill*, 2007 WL 987453, *2 (D. Or., Mar. 28, 2007); *Mariano-Santos v. Blacketter*, 2006 WL 3507086, *3 (D. Or., Dec. 1, 2006); *Clark v. Schiedler*, CV 04-849-ST (Order Adopting Findings and Recommendation (Doc. #46), November 7, 2006).   Thus, because the PCR trial court did not

8 - OPINION AND ORDER -

apply an incorrect standard in this case, the decision is entitled to deference under § 2254(d)(1).

Petitioner also argues the original Indictment erroneously charged two separate crimes under Oregon law, rendering it defective.  *See* Or. Rev. Stat. § 132.550(4) (an indictment must contain "[a] separate accusation or count addressed to each offense charged, if there be more than one.")  According to Petitioner, trial counsel's failure to demur to the defective indictment and his failure to advise Petitioner of his culpability under the law was constitutionally ineffective because Petitioner could not have been found guilty of aggravated murder under either of the alleged theories.  Had Petitioner known of the defective Indictment, he states he would not have entered his guilty plea because Petitioner contends he did not know Stacy intended to kill the robbery victim.

Even if the original Indictment was deficient, however, Petitioner was not prejudiced by counsel's failure to demur.  Had a demurrer succeeded, the state would simply have re-submitted the matter to a Grand Jury to correct any error.  Moreover, Petitioner did not plead guilty to the original Indictment.  Instead, counsel agreed to amend the Indictment by interlineation to charge felony murder under Or. Rev. Stat. § 163.115(1)(b)(G), which is a lesser-included offense of aggravated murder.  *See State v. Atkinson*, 80 Or. App. 54, 58, 722 P.2d 9, 11 (1986).  In return for his plea,

9 - OPINION AND ORDER -

the first and second degree robbery counts were dismissed, and a concurrent sentence imposed on the conspiracy conviction.

The fact Petitioner says he did not know Stacy intended to kill the victim does not obviate his guilt on the charge of felony murder.  Petitioner knew Stacy was armed with a dangerous and deadly weapon at the time they undertook the robbery.[1]  Reviewed objectively, there is not any basis to find a reasonable probability Petitioner would have chosen to proceed to trial and face convictions for not only the felony murder and conspiracy charges, but also the other charges which were dismissed as a result of the plea agreement, but for the allegedly ineffective assistance of his trial counsel.  As such, the state PCR court's legal conclusion that Petitioner did not receive ineffective assistance of counsel is entitled to deference, and Petitioner is not entitled to habeas corpus relief in this Court.

---

[1]An affirmative defense to felony murder under Or. Rev. Stat. § 116.115(1)(b) exists if the defendant:
    (a) was not the only participant in the underlying crime;
    (b) did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid in the commission thereof;
    (c) was not armed with a dangerous or deadly weapon;
    (d) *had no reasonable ground to believe that any other participant was armed with a dangerous or deadly weapon; and*
    (e) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death.
Or. Rev. Stat. § 116.115(3) (emphasis added).

10 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of

Habeas Corpus.  This action is **DISMISSED**.

IT IS SO ORDERED.

DATED this 23rd day of May, 2007.

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER  F:\USER\HILSENTE.GER\HABEAS\OPINIONS\05-432miller0522opin.wpd